**BRITT v. N.C. DEPT. OF CRIME CONTROL AND PUBLIC SAFETY**

[108 N.C. App. 777 (1993)]

EDGAR L. BRITT, Employee, Plaintiff v. NORTH CAROLINA DEPARTMENT OF CRIME CONTROL & PUBLIC SAFETY, Employer, SELF-INSURED, Defendant

No. 9110IC1267

(Filed 2 February 1993)

**Master and Servant § 49.1 (NCI4th)— workers' compensation— National Guard member—employee of state**

A member of the National Guard receiving the initial training required by the federal government was an employee of the State, so that he was covered by the Workers' Compensation Act. The statutory language providing that National Guard members shall be entitled to compensation for injuries arising out of and in the course of the performance of their duties at drill, in camp, or on special duties under orders of the Governor includes the period of "initial active duty for training" that plaintiff was required to perform pursuant to 10 U.S.C. 511(d). N.C.G.S. § 97-2(2).

**Am Jur 2d, Workers' Compensation § 181.**

Appeal from opinion and award of the North Carolina Industrial Commission filed by the Full Commission on 18 September 1991. Heard in the Court of Appeals 2 December 1992.

On 19 July 1989, a Deputy Commissioner of the Industrial Commission determined that plaintiff had suffered a compensable back injury from an accident arising out of and in the course of his employment. The Deputy Commissioner made the following findings of fact: In August of 1986 plaintiff enlisted in the North Carolina National Guard ("National Guard"). Because plaintiff had not previously served in the military, plaintiff was required to attend and successfully complete basic Army training camp pursuant to 10 U.S.C. 511(d). The National Guard had an "arrangement" with the U.S. Army to provide the necessary initial training required by 10 U.S.C. 511(d). On 19 August 1986, plaintiff received orders from the Department of Defense directing that, "[w]ith the consent of the Governor of North Carolina," he report to Fort McClellan, Alabama for initial active duty for training (IADT) from 2 January 1987 to 7 May 1987. On 12 January 1987, plaintiff injured his back during warfare training after jumping across a drag line ditch.

BRITT v. N.C. DEPT. OF CRIME CONTROL AND PUBLIC SAFETY

[108 N.C. App. 777 (1993)]

On 11 October 1990, the Deputy Commissioner reaffirmed his earlier opinion and awarded plaintiff compensation for temporary total disability at a rate of $308.00 per week for the period of 1 July 1988 to 19 June 1989. Additionally, plaintiff received "commencing immediately thereafter an additional 60 weeks of compensation at the same rate on account of his retained twenty (20%) percent permanent-partial disability." Defendant was ordered to pay "all reasonable and necessary medical expenses" and expert witness fees. On 18 September 1991, the Full Commission affirmed and adopted the Deputy Commissioner's opinion and award as filed. Defendant appeals.

*Bruce & Bryant, P.A., by R. Michael Bruce, for plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William H. Borden, for defendant-appellant.*

EAGLES, Judge.

Defendant argues that the Industrial Commission erred by finding that plaintiff was an "employee" under the Workers' Compensation Act. G.S. 97-1 *et seq.* We disagree and affirm.

The second sentence of G.S. 97-2(2) provides:

The term "employee" shall include members of the North Carolina national guard, except when called into the service of the United States, and members of the North Carolina State guard, and members of these organizations shall be entitled to compensation for injuries arising out of and in the course of the performance of their duties at drill, in camp, or on special duty under orders of the Governor.

Defendant argues that plaintiff is not covered under the Workers' Compensation Act because he was "called into the service of the United States" when he attended the mandatory initial training at Fort McClellan pursuant to 10 U.S.C. 511(d). We disagree and affirm the Industrial Commission's decision.

The second sentence of G.S. 97-2(2), *supra,* arose from an amendment to the statute in 1943. However, the federal mandatory initial training requirement arose from an amendment to 10 U.S.C. 511 in 1963. See Pub.L. 88-110, § 3, 77 Stat. 135 (1963) (adding subsection (d) to 10 U.S.C. 511). 10 U.S.C. 511(d) provides:

> Under regulations to be prescribed by the Secretary of Defense
> . . . a non-prior-service person who is qualified for induction
> for active duty in an armed force and who is not under orders·
> to report for induction into an armed force under the Military
> Selective Service Act (50 U.S.C.App. 451 *et seq.*), except as
> provided in section 6(c)(2)(A)(ii) and (iii) of such Act, may be
> enlisted in the Army National Guard . . . . Each person enlisted
> under this subsection shall perform an initial period of active
> duty for training of not less than twelve weeks to commence
> insofar as practicable within 270 days after the date of that
> enlistment.

Therefore, the issue before us is whether plaintiff was an employee of the State when he was injured at this mandatory initial training required by 10 U.S.C. 511(d) (which did not exist when the second sentence of G.S. 97-2(2) was written) and accordingly was entitled to compensation under the Workers' Compensation Act.

Our Supreme Court has previously stated "that the National Guard is an organization of the State militia, which does not become· a part of the United States Army until the Congress declares an emergency to exist which calls for its services in behalf of the nation." *Baker v. State*, 200 N.C. 232, 234, 156 S.E. 917, 918 (1931). It is undisputed that this type of emergency situation did. not exist when plaintiff was ordered to initial training. Rather, plaintiff was *required* by federal statute to attend and successfully complete this initial training. Further, we note that it is a duty of a North Carolina National Guard member to perform this mandatory training when ordered. Accordingly, had plaintiff, a North Carolina National Guard member, disobeyed this order, he would have been subject to a court martial. *See* G.S. 127A-52 (jurisdiction of courts-martial of the national guard); G.S. 127A-53 (Manual for Courts-Martial); Manual for Courts-Martial, United States, Article 92 (one who fails to obey order or regulation "shall be punished as a court-martial may direct").

The General Assembly amended G.S. 97-2(2) in 1943 to provide workers' compensation coverage to North Carolina National Guard members. Specifically, the legislature provided that National Guard members "shall be entitled to compensation for injuries arising out of and in the course of the performance of their duties at drill, in camp, or on special duties under orders of the Governor." We hold that this statutory language includes the period of "initial

active duty for training" that plaintiff was required to perform pursuant to 10 U.S.C. 511(d).

At the time of his injury, plaintiff was a member of the National Guard. His injury arose out of and in the course of his employment with the National Guard. Accordingly, we affirm the Industrial Commission's opinion and award.

Affirmed.

Judges WELLS and LEWIS concur.