DAVID A. DUNCAN, Employee, Plaintiff v. NORTH CAROLINA DEPART-
MENT OF CRIME CONTROL & PUBLIC SAFETY, Employer (Self-Funded),
Defendant

No. 9310IC412

(Filed 21 December 1993)

## Master and Servant § 49.1 (NCI3d)— workers' compensation— National Guard member—injury during routine weekend drill— employee of State

A member of the National Guard injured in a jeep accident while returning to his local unit after completing a routine weekend drill at Fort Bragg was an employee of the State who was entitled to workers' compensation for his injuries under N.C.G.S. § 97-2(2). The fact that the injured guardsman received his pay and also compensation benefits from the federal government is of no moment in light of the provision of the statute which expressly entitles members of the National Guard to "compensation for injuries arising out of and in the course of the performance of their duties at drill . . . ."

**Am Jur 2d, Workers' Compensation § 181.**

Appeal by defendant from opinion and award of the North Carolina Industrial Commission filed 28 January 1993. Heard in the Court of Appeals 4 October 1993.

On 21 August 1988, plaintiff was a member of the North Carolina Army National Guard, assigned to Company B of the First Battalion, 120th Infantry Unit, in Whiteville. As part of his regular duties for the North Carolina Army National Guard, plaintiff was required once a month to attend a weekend drill, either at the local unit in Whiteville or at Fort Bragg, an United States Army Installation. On 21 August 1988, he was involved in an accident in one of the jeeps assigned to the local unit while returning to Whiteville after completing a required weekend drill at Fort Bragg. He filed this claim under the Workers' Compensation Act seeking to recover compensation for injuries he sustained in this accident. After a hearing, Deputy Commissioner Lawrence B. Shuping, Jr. concluded that plaintiff's injuries were compensable under the Workers' Compensation Act and awarded plaintiff compensation. The Full Commission (the "Commission") affirmed and adopted the opinion and award of the Deputy Commissioner.

From this opinion and award, defendant appeals.

*Dallas M. Pounds for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Angelina M. Maletto, for defendant-appellant.*

ORR, Judge.

The sole issue on appeal is whether plaintiff was an "employee" as defined in N.C. Gen. Stat. § 97-2(2) (1991) and thus entitled to compensation benefits from defendant under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(2) provides in pertinent part:

> The term "employee" shall include members of the North Carolina national guard, except when called into the service of the United States, and members of the North Carolina State guard, and members of these organizations shall be entitled to compensation for injuries arising out of and in the course of the performance of their duties at drill, in camp, or on special duty under orders of the Governor.

Defendant contends that plaintiff was not an employee under the foregoing section because the evidence shows that plaintiff (1) was called into the service of the United States for weekend drill, (2) was not on special duty under orders of the Governor, (3) was an employee of the federal government, and (4) had received all compensation benefits from the federal government to which he was entitled.

Recently we held in *Britt v. North Carolina Dep't of Crime Control & Public Safety*, 108 N.C. App. 777, 425 S.E.2d 11, *disc. review denied*, 333 N.C. 536, 429 S.E.2d 554 (1993) that a member of the National Guard was not "called into the service of the United States" when he attended mandatory initial basic training under orders of the United States Department of Defense. Citing *Baker v. State*, 200 N.C. 232, 156 S.E.2d 917 (1931), we noted " 'that the National Guard is an organization of the State militia, which does not become a part of the United States Army until the Congress declares an emergency to exist which calls for its services [on] behalf of the nation.' " *Britt*, 108 N.C. App. at 779, 425 S.E.2d at 13. In *Britt*, we concluded that when a member of the National Guard injured himself during initial basic training, not during a time of emergency, this injury arose out of and in the course of

the performance of his duties at drill, in camp, or on special duty under orders of the Governor thereby entitling him to compensation under N.C. Gen. Stat. § 97-2(2).

In the present case, the evidence is undisputed that plaintiff was injured while performing his duties as a member of the National Guard on a routine weekend drill. N.C. Gen. Stat. § 97-2(2) expressly entitles members of the National Guard "to compensation for injuries arising out of and in the course of the performance of their duties at drill . . . ." There is no evidence of the existence of an emergency situation. The fact plaintiff received his pay from the federal government and compensation from the federal government is of no moment in light of the express provision in our General Statutes for payment of compensation. Further, we note defendant was allowed a credit for the incapacitation pay plaintiff received from the federal government, and thus plaintiff did not receive double recovery.

We therefore hold the Commission properly concluded plaintiff was entitled to receive compensation for his injuries. We thus affirm the opinion and award of the Commission.

Affirmed.

Judges COZORT and LEWIS concur.